STATE OF MISSOURI, Respondent, v. MARTHA WASHINGTON, Appellant.

St. Louis Court of Appeals, February 7, 1899.

Criminal Prosecution: AFFIDAVIT: INFORMATION. In the case at bar, it was permissible for the prosecuting attorney to carve out of the affidavit any offense comprehended in it, and to prefer his information for such offense, using the affidavit as a foundation therefor.

*Appeal from the St. Louis Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

F. A. HEIDORN and JOHN R. WARFIELD for respondent.

The information is as follows: "F. A. Heidorn, prosecuting attorney, within and for the county of St. Louis, in the state of Missouri, acting herein under his oath of office, and upon the affidavit of Charles Walker, herewith filed, informs said C. H. Coggeshall, a justice of the peace," etc., and is sufficient in itself as an official information without regard to the affidavit referred to. State v. Ransberger, 106 Mo. 135; State v. Fletchall, 31 Mo. App. 296; State v. McCarver, 47 Mo. App. 650; State v. Webb, 47 Mo. App. 599; State v. Hart, 47 Mo. App. 653. The filing of a complaint before a justice of the peace is not the commencement of a criminal prosecution, but it requires the filing of an information by the prosecuting officer. City of Pilot Grove v. McCormick, 56 Mo. App. 530. Upon the filing of the complaint "it shall be the duty of the complainant to forthwith inform the prosecuting attorney what facts can be proved against the accused, and by what witnesses and the residence of such witnesses; and if after investigation of

such facts, the prosecuting attorney be satisfied that an offense has been committed and that a case against the accused can be made, it shall be his duty to immediately file his information before the justice taking the complaint. Acts 1895, p. 166, amending secs. 4330, 4332 and 4336, R. S., approved March 9, 1895. * * * If it should be held that an affidavit is necessary, we submit that the affidavit as filed is sufficient to support the information. First. It clearly charges an assault and battery, as charged in the information. Second. Failing to properly charge a felony, it states additional facts, which may or may not support a charge of felony upon proper investigation; but even if a felony should be distinctly charged, it can not be denied that the preferment of this charge includes, also, that of the information. Third. "Words insufficient as the aggravation may still leave the indictment (complaint) good for a simple assault or assault and battery; being rejected as surplusage. 2 Bish. New Crim. Proc., sec. 63a, p. 64.

ZACH J. MITCHELL for appellant.

Appellant relies in this her appeal chiefly upon the grounds set out in the aforesaid motions in arrest and for new trial, directed to the affidavit filed with information and submits: That the information herein is one clearly and solely based upon the said affidavit of Charles Walker, which is in title, language and substance an affidavit charging a felony, and not such affidavit as the law requires to authorize the filing of the information herein for a common assault, and to have put appellant to trial therefor. See State v. White, 55 Mo. App. 356. In which says Judge Ellison: "It is therefore clear that when the prosecuting attorney chooses to base the information upon the affidavit of an individual, such affidavit must show the information to be well based, must set forth the offense charged." The affidavit in this case does explicitly set forth the offense complained

of, to wit: a felonious assault, an assault with intent to kill—upon which the justice only acquired jurisdiction of the appellant and her codefendant, for the purpose of a preliminary examination, and no jurisdiction (defendant in custody for such purpose only), to force defendant to trial upon this information, for a common assault; in fact and law unsupported by any affidavit filed before him, nor could he do so by consent of defendant, hence, without jurisdiction, the circuit court could acquire none by appeal. 1 Bishop on Crim. Prac. [3 Ed.], secs. 316, 893 and 1350. And the court should have sustained appellant's motion in arrest of judgment. Unless appellant was as the court in its overruling of appellant's said motions, gave as his most potent, if not only reason therefore, that: "Here are over $100 costs accrued and this is the first time the question was raised. Both motions are overruled," too late in excepting thereto, which we respectfully submit is no ground in law for overruling said motions. In fact the point can be raised at any stage of the proceedings, even here for the first time in the appellate court. State v. Schuchmann, 133 Mo. 112. The prosecuting attorney should have, we submit procured an affidavit corresponding with the charge made in his information or have filed same as of his own knowledge, but refusing to do either, the state can not now complain of the appellant, at any stage of the case, standing upon her right to avoid final results of a prosecution.

BLAND, P. J.—On February 11, 1898, Charles Walker filed the following affidavit before C. H. Coggeshall, a justice of the peace in and for St. Louis county:

"State of Missouri,
"County of St. Louis.

"Before me, C. H. Coggeshall, a justice of the peace, within and for the county aforesaid, personally came Charles

Walker, who being duly sworn according to law deposes and says, that on or about the eleventh day of February, A. D. 1898, in the County of St. Louis and State of Missouri, Martha Washington and Maggie Walker, did on purpose and of malice aforethought assault and beat one Elizabeth Walker with certain deadly weapons, to wit, with rocks and stones with the intent then and there the said Elizabeth Walker to kill, and further deponent saith not."

This affidavit was used as a basis by the prosecuting attorney for the following information, to wit:

"State of Missouri,

"County of St. Louis.

"F. A. Heidorn, Prosecuting Attorney, within and for the county of St. Louis, in the State of Missouri, acting herein under his oath of office and upon the affidavit of Charles Walker herewith filed, informs said C. H. Coggeshall, a justice of the peace, within and for the county aforesaid, that on the eleventh day of February, in the year eighteen hundred and ninety-eight, at said county of St. Louis and State of Missouri, one Martha Washington and Maggie Walker did then and there willfully and unlawfully make an assault in and upon one Elizabeth Walker, and her, the said Elizabeth Walker, then and there willfully and unlawfully did touch, strike, beat, bruise, wound and illtreat, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State."

                        "F. A. Heidorn.

                        "Prosecuting Attorney."

"Filed February 15, 1898."

On trial before the justice Maggie Walker was acquitted, but Martha Washington was convicted; she appealed to

the circuit court, where she was again convicted. After unavailing motions in arrest and for new trial filed in the circuit court, she appealed to this court.

I. The only question presented for our consideration by the record, and the only one relied on by appellant for a reversal, is as to the sufficiency of the information to support the judgment. The contention of appellant is that the offense charged in the information is not the same offense charged in the affidavit upon which the information is based, and the argument is that as the affidavit charges a felonious assault, and the information a common assault, the latter is not supported by the former. Granting that the affidavit does substantially charge a felonious assault, a common assault is a lower grade of the same offense, and is embraced in and comprehended by the affidavit, and the defendant can not be heard to complain that she was prosecuted and convicted of a grade of the offense less than the one of which she was originally charged.

II. The affidavit does not charge that the assault was feloniously made, and hence does not technically charge a felonious assault. On an indictment charging the offense in the language of the affidavit the defendant could not have been convicted of a felonious assault, but might have been convicted of a common assault. In our judgment it was permissible for the prosecuting attorney to carve out of the affidavit any offense comprehended in it, and to prefer his information for such offense using the affidavit as a foundation therefor. In either view of the affidavit, whether it charges a felonious assault or a common assault, it supports the information, and the judgment is affirmed. All concur.